## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) PRIME INSURANCE COMPANY,<br>a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>(1) BERKSHIRE HATHAWAY<br>HOMESTATE INSURANCE<br>COMPANY,<br>a foreign corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-22-626-D<br><br><br><br><br><br>**ATTORNEY LIEN CLAIMED**<br>**JURY TRIAL DEMANDED** |

## PRIME INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Prime Insurance Company ("Prime") files this Complaint for Declaratory Judgment and other relief against Defendant Berkshire Hathaway Homestate Insurance Company ("Berkshire"). In support of its Complaint, Prime alleges and states as follows:

## INTRODUCTION

1.      Prime brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and other relief for a determination of the Parties' rights and obligations arising out of a lawsuit styled *Nathaniel Devin Shipman v. Wendall Gerard Howard, Swaggin Wagon, Inc., Prime Insurance Company, and Myriad Transport & Environmental, Inc.*, in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2019-4538 (the "Underlying Litigation"). A copy of the Amended Petition in the Underlying Litigation is attached as Exhibit 1.

1

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Prime is, and at all relevant times was, an Illinois corporation with its principal place of business in Sandy, Utah.

3.      Defendant Berkshire is, and at all relevant times was, a Nebraska corporation with its principal place of business in Omaha, Nebraska.

4.      As a foreign insurer believed to be licensed to transact insurance in the State of Oklahoma, Berkshire may be served through the Oklahoma Insurance Commissioner pursuant to 36 O.S. § 621.

5.      This Court has diversity jurisdiction pursuant to 21 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The relief requested by Plaintiff is authorized by 28 U.S.C. §§ 2201 and 2202.

6.      Plaintiff Prime and Defendant Berkshire's minimum contacts with the Western District of Oklahoma are such that the exercise of personal jurisdiction over them comports with the traditional notions of fair play and substantial justice.

7.      Venue is proper in the Western District of Oklahoma pursuant to 21 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Oklahoma.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      The plaintiff in the Underlying Litigation alleges he was injured as the result of a motor vehicle accident on or about November 20, 2017, involving a truck insured by Swaggin Wagon, Inc. ("Swaggin Wagon") and leased to Myriad Transport &

2

Environmental, Inc. ("Myriad") pursuant to an Independent Contractor Lease Agreement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit 2.

 9. Paragraph 4 of the Agreement states, in pertinent part, the following:

> 4. <u>Indemnity</u>. Contractor [Myriad] shall defend, indemnify, and hold harmless SWI [Swaggin Wagon] and its agents, employees, and representatives, from any and all damages, losses or claims, including but not limited to attorney fees and costs incurred, arising out of the performance or nonperformance of this Agreement by Contractor. Contractor shall further defend, indemnify, and hold harmless SWI and its agents, employees, and representatives, from any and all damages, losses or claims, including but not limited to attorney fees incurred, relating to any property damage, bodily injury, and/or any other harm or damage sustained by Contractor or Contractor's Personnel arising from the performance or nonperformance of this Agreement, or caused by any acts or omissions of Contractor or Contractor's Personnel. Additionally, Contractor shall defend, indemnify, and hold harmless SWI and its agents, employees, and representatives, from any claims made against SWI, or from any loss or damage incurred by SW1, including but not limited to, attorney fees and costs incurred, as a result of the operation, maintenance or use of the Equipment, which is not directly authorized and directly related to the performance of this Agreement. Contractor's obligations to defend, indemnify, and hold harmless SWI, are intended to be as broad as the law allows.

Exhibit 2 at 2.

 10. The truck involved in the accident subject to the Underlying Litigation is one of the two trucks ("Equipment") identified in "Exhibit A - Equipment" of the Agreement between Swaggin Wagon and Myriad.  Exhibit 2 at 10.

 11. The plaintiff in the Underlying Litigation alleges the truck was driven by Mr. Wendell Gerard Howard ("Mr. Howard"). The plaintiff in the Underlying Litigation further alleges that Mr. Howard was driving the truck in the course and scope of his employment with Swaggin Wagon.

12.     Prime issued policy SC1707938 to Swaggin Wagon for the period July 18, 2017 through July 18, 2018 (the "Prime Policy"). The Prime Policy contains provisions for "Other Insurance" as follows:

> C. Other Insurance
>
> 1. If other valid and collectible insurance, whether primary, excess, or contingent or on any other basis, including any form of self-insurance or SIR, is available to an Insured for a Loss covered under this Policy, then:
>
>> a. This Coverage is excess over the other insurance, including any form of self-insurance or SIR; and
>>
>> b. We will have no duty to defend any Claim or Suit that any other insurer has a duty to defend. If no other insurer or issuer of a form of self-insurance or SIR defends, we may undertake to do so, but we will then be entitled to enforce the Insured's rights against those other insurers, self-insurers, or self-insured entity for defense costs, contribution, or indemnity.
>
> 2. When both this Policy and other insurance, whether primary, excess, or contingent or on any other basis, including any form of self-insurance or SIR, apply to the Loss on the same basis, we will not be liable under this Policy for a greater proportion of the Loss than that stated in the applicable contribution provision below:
>
>> a. If all such other insurance provides for contribution by equal shares, we shall not be liable for a greater proportion of such Loss than that which would be payable if each Insurer or self-insured entity contributes an equal share until the share of each Insurer or self-insured entity equals the lowest applicable Limits of Liability under any one policy or the full amount of the Loss is paid.  With respect to any amount of the Loss not so paid, each remaining Insurer or self-insured entity will then contribute an equal share of the remaining amount of the Loss until each such Insurer has paid its limit in full or the full amount of the Loss is paid.
>>
>> b. If all such other insurance does not provide for contribution by equal shares, the Insurer shall not be liable for a greater

4

proportion of such Loss than the applicable Limits of Liability under this Policy bears to the total applicable Limits of Liability of all other valid and collectible insurance applicable to such Loss.

3. If this Policy and any other policy or coverage contract issued to you by us or any company affiliated with us apply to the same Accident, the Limit of Liability or any applicable Sub-limits under all of the policies and coverage contracts shall not exceed the highest applicable Limit of Liability or Sub-limit under any one policy or coverage contract. This condition does not apply to any policy or coverage contract issued by us, or an affiliated company, specifically to apply as excess insurance over this Policy.

13. Upon information and belief, Berkshire issued policy 02TRM018287-02 to Myriad for the period August 1, 2017 to August 1, 2018 (the "Berkshire Policy").

14. Upon information and belief, the Berkshire Policy contains the following language regarding the existence of "Other Insurance":

B. General Conditions
5. Other Insurance - Primary And Excess Insurance Provisions
a. This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority. This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker". However, while a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:
(1) On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".
(2) Excess if the power unit is not a covered "auto".

15. Upon information and belief, the Berkshire Policy contains the following language and definition of an "Insured Contract":

H. "Insured contract" means:
1. A lease of premises;

5

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6. That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

a. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing; or

b. That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

c. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

16.    The Agreement between Plaintiff Prime's insured (Swaggin Wagon) and Defendant Berkshire's insured (Myriad) constitutes an "Insured Contract," thereby triggering the policy issued by Defendant Berkshire.

6

17.    Upon information and belief, Defendant Berkshire has assumed the defense of Mr. Howard in the Underlying Litigation, but has not agreed to defend or indemnify Swaggin Wagon under its contract of insurance.

## CLAIMS

### COUNT ONE: REQUEST FOR DECLARATORY RELIEF

18.    Prime realleges and incorporates by reference all preceding paragraphs as if fully alleged in this section.

19.    Prime seeks a declaration as to whether Berkshire must provide for the defense and indemnification of Swaggin Wagon and Mr. Howard in the Underlying Litigation under the Berkshire Policy on a primary basis.

20.    Berkshire should provide for the defense and indemnification of Swaggin Wagon and Mr. Howard in the Underlying Litigation because of the Agreement between Swaggin Wagon and Myriad.

21.    In the alternative, Berkshire should provide for the defense and indemnification of Swaggin Wagon and Mr. Howard on a co-excess, or "pro rata," basis with Prime.

### COUNT TWO: EQUITABLE CONTRIBUTION AND/OR SUBROGATION

22.    Prime realleges and incorporates by reference all preceding paragraphs as if fully alleged in this section.

23.    Prime has incurred costs of defense as to Swaggin Wagon and/or Mr. Howard in the Underlying Litigation. Defendant Myriad has not contributed to the costs of defense of Swaggin Wagon in the Underlying Litigation.

24.     Any and all costs, exposure, liability, payment, or indemnification incurred by Prime, Swaggin Wagon, and/or Mr. Howard in the Underlying Litigation should be borne by Berkshire.

25.     In the alternative, any and all costs, exposure, liability, payment, or indemnification incurred by Prime, Swaggin Wagon, and/or Mr. Howard in the Underlying Litigation should be borne on a co-excess, or "pro rata," basis with Prime.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Prime Insurance Company prays judgment be entered in its favor, against Defendant Berkshire Hathaway Homestate Insurance Company as follows:

A.  A declaration that Defendant Berkshire owes a duty to defend and indemnify Swaggin Wagon and Mr. Howard in the Underlying Litigation;

B.  A declaration that Defendant Berkshire is the primary insurer of Swaggin Wagon and Mr. Howard, or, in the alternative, Defendant Berkshire should defend and provide insurance coverage to Swaggin Wagon and Mr. Howard on a co-excess, or "pro rata," basis with Plaintiff Prime;

C.  A declaration that Plaintiff Prime is entitled to subrogation, contribution, and/or reimbursement, equitable or otherwise, from Defendant Berkshire for any and all costs, expenses, payments, or potential liability or indemnification resulting from the Underlying Litigation on a primary basis.  In the alternative, Plaintiff Prime is entitled to such relief from Defendant Berkshire on a co-excess, or "pro rata," basis;

D.  Pre-judgment and post-judgment interest; and

E.  All other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Joseph K. Goerke*_____
Joseph K. Goerke, OBA # 13103
John A. Krahl, OBA # 31124
BEHENNA GOERKE KRAHL & MEYER, PLLC
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
Tel.:   (405) 232-3800
Fax:   (405) 232-8999
jgoerke@lawfirmokc.com
jkrahl@lawfirmokc.com
*Attorneys for Plaintiff*

## **EXHIBITS**

1. Amended Petition filed in *Nathaniel Devin Shipman v. Wendall Gerard Howard, Swaggin Wagon, Inc., Prime Insurance Company, and Myriad Transport & Environmental, Inc.*, in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2019-4538, on March 9, 2022.

2. Independent Contractor Lease Agreement between Swaggin Wagon, Inc. and Myriad Transport & Environmental, Inc. dated August 7, 2017.