IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRIME INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. CIV-22-626-D |

**STIPULATION OF SETTLEMENT AND
PARTIAL DISMISSAL OF CLAIMS WITH PREJUDICE**

COME NOW Plaintiff Prime Insurance Company ("Prime") and Defendant Berkshire Hathaway Homestate Insurance Company ("BHHIC"), by and through their respective undersigned counsel, pursuant to Fed. R. Civ. P. 41(a), and upon partial settlement of the controversy herein, hereby stipulate to a partial dismissal with prejudice of certain specified claims asserted in Plaintiff Prime's Complaint for Declaratory Judgment [Doc. No. 1], as follows:

1. Prime commenced this action seeking a declaratory judgment adjudicating the rights and obligations Prime and/or BHHIC may have in relation to an underlying tort suit pending in the District Court of Tulsa County, State of Oklahoma, styled *Nathaniel Devin Shipman v. Wendell Gerard Howard, Swaggin Wagon, Inc., Prime Insurance Company, and Myriad Transport & Environmental, Inc.*, Case No. CJ-2019-4538 (the "underlying action").

1

2. Summarized, Prime has asserted claims seeking the following substantive relief in this case:

- a. A declaration that BHHIC owes a duty to defend Swaggin Wagon, Inc. ("Swaggin") in the underlying action;

- b. A declaration that BHHIC owes a duty to indemnify Swaggin in the underlying action;

- c. A declaration that BHHIC is the primary insurer of Swaggin, or alternatively, that BHHIC should defend and provide insurance coverage to Swaggin on a "pro rata" basis with Prime;

- d. A declaration that BHHIC owes a duty to defend Wendell Howard ("Howard") in the underlying action;

- e. A declaration that BHHIC owes a duty to indemnify Howard in the underlying action;

- f. A declaration that BHHIC is the primary insurer of Howard, or alternatively, that BHHIC should defend and provide insurance coverage to Howard on a "pro rata" basis with Prime; and

- g. A declaration that Prime is entitled to subrogation, contribution, and/or reimbursement, equitable or otherwise, from BHHIC for any and all costs, expenses, payments, or potential liability or indemnification resulting from the underlying action on a primary basis; or alternatively, that Prime is entitled to such relief from BHHIC on a "pro rata" basis.

3. Following arm's length, good faith negotiations, and for good and valuable consideration, Plaintiff Prime and Defendant BHHIC have reached a settlement as to those claims for relief asserted regarding the defense of Howard in the underlying action. The parties agree that their settlement terminates any and all case or controversy regarding the following claims Prime has asserted in this case:

    a. Any and all claims seeking a declaration that BHHIC owes a duty to defend Howard in the underlying action, as described in paragraph 2(d) above;

    b. Any and all claims seeking a declaration that BHHIC should defend Howard on a primary or pro rata basis with Prime, as described in part in paragraph 2(f) above;

    c. Any and all claims seeking a declaration that Prime is entitled to subrogation, contribution, and/or reimbursement, equitable or otherwise, from BHHIC for any and all costs, expenses, payments, or potential liability resulting from the defense of Howard in the underlying action on a primary basis; or alternatively, that Prime is entitled to such relief from BHHIC on a "pro-rata" basis, as is contained within the relief described in paragraph 2(g) above.

4. For clarification purposes, the parties further stipulate that Prime's following claims for relief are preserved from the settlement and are not dismissed under this Stipulation:

    a. Any and all claims regarding any and all duties owed in connection with Swaggin only, as summarized in paragraphs 2(a) through 2(c) above.

    b. Any and all claims seeking a declaration that BHHIC owes a duty to indemnify Howard in the underlying action, as summarized in paragraph 2(e) above.

    c. Any and all claims seeking a declaration that, for indemnification purposes, BHHIC is the primary insurer of Howard, or alternatively, that BHHIC should indemnify Howard on a "pro rata" basis with Prime, as described in part in paragraph 2(f); and

    d. Any and all claims seeking a declaration that Prime is entitled to subrogation, contribution, and/or reimbursement, equitable or otherwise, from BHHIC for any and all costs, expenses, payments, or potential liability or indemnification resulting from the defense of Swaggin only in the underlying action, or alternatively, that Prime is entitled to such relief from BHHIC on a "pro-rata" basis, as is contained within the relief described in paragraph 2(g) above.

5. In light of their settlement, the parties hereby stipulate to the dismissal with prejudice of those claims seeking the relief described in paragraphs 3(a), 3(b), and 3(c) above.

Stipulated and submitted this 1st day of August, 2023.

s/John A. Krahl
(*signed with counsel's permission*)
Joseph K. Goerke – OBA #13103
John A. Krahl – OBA #31124
KRAHL GOERKE MEYER
 & BEHENNA, PLLC
210 Park Avenue, Suite 3030
Oklahoma City, OK  73102
Telephone:  (405) 232-3800
Facsimile:  (405) 232-8999
jgoerke@lawfirmokc.com
jkrahl@lawfirmokc.com
ATTORNEYS FOR PLAINTIFF
PRIME INSURANCE COMPANY

s/Tyler J. Coble
Tyler J. Coble – OBA #30526
CHEEK LAW FIRM, PLLC
311 North Harvey Avenue
Oklahoma City, OK  73102
Telephone: (405) 272-0621
Facsimile: (405) 232-1707
tcoble@cheeklaw.com
ATTORNEY FOR DEFENDANT
BERKSHIRE HATHAWAY
HOMESTATE INSURANCE COMPANY